**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CAROLYN D. WILLIAMS,**

    **Plaintiff,**

v.                                                     **Case No. 8:08-cv-515-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                            /

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claims for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was forty-four years of age at the time of her administrative hearing on June 5, 2007. She stands 5' 4" tall and weighed 180 pounds. Plaintiff has a twelfth education with some special classes in math and English. Her past relevant work was in office cleaning and supervision. Plaintiff applied for disability benefits and Supplemental Security Income payments in August 2004,[1] alleging disability as of September 19, 2002, by reason of pain

---

[1]The file also reflects applications for disability benefits in September 2002 and October 2003 with the same onset date.

associated with her spine and pelvis. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. She testified that she left her last job cleaning offices after injuring her lower back. By her account, she cannot work at any job due to back pain. She takes medication for her pain and it helps "a little." Since she stopped working, Plaintiff spends her days watching television or trying to fix something to eat. She cleans around the house for fifteen to twenty minutes and then she has to sit down for a while. She also reads.

Plaintiff estimated that she can stand or sit for fifteen to twenty minutes before she must lie down and rest because of the pain in her back. She can lift ten pounds. It hurts in her mid-back to reach up for something. It also hurts to bend over. She can write. She does not sleep well because of her back. Plaintiff leaves her house once or twice a month to go to the store. She does not visit fiends, but she feels comfortable around other people. She is able to take care of her personal needs. (R. 45-52).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of August 16, 2007, the ALJ determined that while Plaintiff had severe impairments related to diabetes mellitus, osteoarthritis of the hips, and degenerative disc disease of the cervical spine, she nonetheless had the residual functional capacity to perform a full range of light work. Upon this finding and by application of the Medical-

Vocational Guidelines, Rule 202.13, the ALJ concluded that Plaintiff could perform her past work. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 19-27). The Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of*

*Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The ALJ, in part, decided the Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent them from returning to their former employment, but may not be severe enough to prevent them from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." *Id.* at Part 404, Subpt. P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion

as to whether the individual is disabled. *Id.* at §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. *Id.* at §§ 404.1569a, 416.969a.

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) Whether the ALJ erroneously concluded that Plaintiff did not have a severe mental impairment;

(2) Whether the ALJ failed to comply with SSR 82-62; and

(3) Whether the AlJ erred in finding Plaintiff capable of performing light work and that Plaintiff could return to past relevant work.

Plaintiff initially claims that the evidence supports that she suffers a severe mental impairment and the ALJ erred in concluding otherwise. In support, she notes her testimony and submissions suggesting that she is "slow," does not socialize much, and has difficulty concentrating and understanding instructions and dealing with schedules and deadlines. Further, she cites to statements and conclusions set forth in the psychological evaluation by Dr. Steven Wu in April 2003, (R. 317-19), the psychological evaluation by Dr. Linda Inatsuka

in December 2003, (R. 339-42), and the evaluation by Dr. Thomas Trimmer in October 2004, (R. 423-24), which demonstrate that she suffers a severe mental impairment that should have been credited by the ALJ. (Doc. 20 at 9-11).

In opposition, the Commissioner notes that the Plaintiff never claimed to be disabled by reason of a mental impairment and did not testify to such condition at her hearing. According to the Commissioner, Plaintiff claimed an inability to work due solely to severe back pain. The Commissioner notes that while Plaintiff reported in administrative filings that her pain sometimes made her depressed, she acknowledged at her administrative interview that she did not believe she suffered mental problems. *See* (R. 163). The Commissioner also argues that there is no evidence that Plaintiff was a special education student. He urges that the ALJ duly considered the whole of the mental health record and that Dr. Wu's full assessment does not support that Plaintiff has a severe mental problem. Further, by the Commissioner's review of the record, there was no evidence that counseling or mental health treatment or therapy was ever recommended to the Plaintiff. Finally, the Commissioner notes that the Plaintiff fails to identify any functional limitations attributable to her mental condition. (Doc. 21 at 4-10).

As the decision reflects, the ALJ fairly considered Plaintiff's mental health record. In particular, it reveals that the ALJ considered each of the reports from the consulting examiners at step two and, ostensibly, at step four of the sequential evaluation process dictated by the Regulations. Although the inquiry at step two requires only a minimal showing, the ALJ concluded that the medical reports and Plaintiff's own subjective claims suggested, at most, that she suffered only mild limitations in mental functioning related to

social functioning, concentration, persistence or pace, and she had no limitations in activities of daily living. By his review, she never had an episode in decompensation. Upon his consideration, the ALJ concluded that Plaintiff's mental condition was not a severe condition as such is defined under the Act. While Plaintiff urges error in this conclusion, she does not clearly demonstrate such. As the Commissioner notes, Plaintiff did not claim any disability by reason of her mental state and the record does not reflect significant treatment or therapy for the same. In any event, even if the ALJ should have credited her with a severe mental impairment, there is no error at step two of the evaluation process. The ALJ's finding that Plaintiff suffered severe impairments related to her diabetes mellitus, osteoarthritis of the hips, and degenerative disc disease of the cervical spine was adequate at that step. *See Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987) (noting that, ". . . the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two.").

According to the ALJ, he also considered Plaintiff's mental health complaints in connection with his residual functional capacity assessment and evaluation at step four of the evaluation process. In connection with this step four determination, Plaintiff raises two additional claims.

By her second claim, Plaintiff argues that the ALJ failed to comply with Social Security Ruling ("SSR) 82-62 by concluding that she was capable of a full range of light

work and could return to her past relevant work.[2] In particular, Plaintiff complains that the ALJ made no findings with regards to the physical or mental demands of her past relevant work. She notes that while the ALJ labeled her past work as light unskilled work, such does not reflect a finding as to the mental demands of her past work. Absent such specific findings, Plaintiff contends that the conclusion that she could perform her past work is unsupported by substantial evidence. By her final claim, Plaintiff urges that the record substantiates that she is unable to perform the full range of light work as determined by the ALJ. In particular, she cites her inability to stand or sit for more than fifteen to twenty minutes without pain, her inability to reach for something high on a shelf or bend over without suffering back pain, and her difficulty handling more than ten pounds, all of which she contends are clearly supported by the medical record. In sum, Plaintiff urges that the determination that she could return to her office cleaning work is unsupported by substantial evidence. (Doc. 20 at 12-16).

In response, the Commissioner urges that the ALJ's residual functional capacity ("RFC") assessment for a full range of light exertional work is supported by the evidence. Concerning SSR 82-62, he urges that the decision reflects the ALJ's consideration of Plaintiff's past work and his notation that such work was unskilled light work, which he found consistent with her RFC. Given that Plaintiff does not suffer from a severe mental

---

[2]Social Security Rulings are agency rulings issued to clarify regulations and policy and are binding on components of the Social Security Administration. *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990). In this circuit, such rulings are entitled to the court's deference. *Fair v. Shalala*, 37 F.3d 1466 (11th Cir. 1994). SSR 82-62 discusses the policy and procedures for determining a disability claimant's capacity to do past relevant work.

8

impairment, the Commissioner urges that the failure to expressly address the mental demands of Plaintiff's past work is of no import. The Commissioner also urges that the ALJ's RFC determination was reached after a fair assessment of the medical record and Plaintiff's subjective testimony, and the conclusion is not demonstrated to be in error. (Doc. 21 at 10-17).

Plaintiff relies on the portion of SSR 82-62 which dictates that the decision that a claimant is not disabled, upon a finding that she can perform her past relevant work, must contain "adequate rationale and findings." *Id.* More particularly, the ruling states:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4 (S.S.A.). Here, Plaintiff acknowledges that the ALJ made a specific finding with respect to her RFC, but she contends that his only finding about her past work was that her "past relevant work as a cleaning lady was light unskilled work." *See* (R.26). Since such does not reflect on the mental demands of her past work, Plaintiff urges that the finding is inadequate under the ruling.

At step four of the sequential evaluation process, the ALJ must assess the claimant's RFC and determine whether the claimant can still do past relevant work. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity evaluation is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her

9

impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. §§ 404.1545(a), 416.945(a). The focus of this assessment is on the doctors' evaluation of the claimant's condition and the medical consequences thereof. *Lewis*, 125 F.3d at 1440. The review at step four requires consideration of the physical and mental demands of the former work. In that regards, "the ALJ has the duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before he determines that she is able to perform her past relevant work." *Nimick v. Sec'y of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989) (emphasis in the original); *see also Nelms v. Bowen*, 803 F.2d 1164 (11th Cir. 1986). However, at this step, the burden is still upon the plaintiff to prove that she cannot do this past work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988) and *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986)).

A determination that a claimant can perform her past relevant work, and thus is not disabled, is appropriate where the claimant retains the residual functional capacity to perform the actual functional demands and job duties of a particular past job <u>or</u> the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-62, 1982 WL 31386, *3 (S.S.A.); SSR 82-61, 1982 WL 31387, * 2 (S.S.A.). Where it is determined that a claimant can perform her past job as she actually performed it, the claimant's statements regarding past work are generally sufficient for determining the skill level, exertional demands, and nonexertional demands of such work. SSR 82-63 at *3; *see also* SSR 82-61 at *2 (stating that a vocational report completed by the

10

claimant may be sufficient to furnish information about past work). And, where it is determined that a claimant can perform a past job as it is usually performed in the national economy, an ALJ may rely upon job descriptions set forth in the Dictionary of Occupational Titles. *See* SSR 82-61 at * 2.

Here, the record on Plaintiff's past relevant work is rather poorly developed. At the administrative hearing, there were no questions by either the ALJ or Plaintiff's counsel about the requirements of her past work. In the decision, the ALJ's only mention of this, beyond the statement that Plaintiff's past work as a cleaning lady was "light unskilled work," was his conclusion that, "[i]n comparing the residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed." There is no reference to the occupational source used to determine that Plaintiff could do such cleaning work as generally performed and, thus, that conclusion cannot be reviewed. There are, however, administrative filings by the Plaintiff that do provide a basis for comparison to the RFC assessment. *See* (R. 134-35, 142-48, 176, 216-17). Here, accepting that the ALJ made the comparison he claims to have made, I am obliged to find that Plaintiff's statements about the mental and physical demands of her past work are sufficient to support the ALJ's conclusion that she could return to such work as she actually performed it, as long as the RFC finding is correct. While I do not condone hasty or sloppy work by an ALJ who is charged with fairly and fully developing the record, given the express statement by this ALJ that he had compared the Plaintiff's RFC with the requirements of her past work and the record support for his conclusion, a remand for further explication of the

mental demands of such work would serve no useful purpose, particularly in light of the lack of a severe mental impairment.

As for the RFC finding, Plaintiff cites to the objective record that revealed a disc protrusion at L5-S1, a prominent left sided disc protrusion at the C3-4 level, an annular disc bulge at C4-5, and a congenital fusion at the level of C7-T1, as well as clinical findings of muscle spasm in the cervical and lumbar paraspinal bilaterally and decreased range of motion. She urges that this record supports her severe limitations in sitting, standing and lifting and establishes she cannot do a full range of light exertional work.[3]

Upon my review, I find that the ALJ fairly reviewed the medical record in assessing Plaintiff's subjective testimony and RFC. By the ALJ's conclusion, the condition of Plaintiff's spine could reasonably account for her symptoms but not to the degree claimed. This conclusion was reached consistent with the applicable regulatory standard and is not challenged on this appeal. As for the RFC finding, Plaintiff simply fails to demonstrate that the medical record does not support a conclusion that she had the capacity for light exertional work. On my review, while the medical record includes objective evidence of spinal abnormalities, it does not support disabling pain or other symptoms. For instance, while one MRI reported congenital fusion at C7-T1 as Plaintiff claims, the doctor's impression was of mild degenerative disc disease with no canal stenosis or disc herniation. (R. 520). While the

---

[3]Light work is defined as work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category may require a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do substantially all of these activities. 20 C.F.R. §§ 404.1567(b), 416.967(b).

12

notes from Dr. Erick Grana reflect a MRI report of disc protrusion at L5-S1 with displacement of the right S1 nerve root (R. 524), a fair reading of the whole of this treating doctor's records reveals his repeated indication that the Plaintiff's chronic intractable pain was well controlled or stable. While his clinical records report findings of some tenderness with decreased range of motion in the cervical and lumbar spine, they also show normal findings with respect to gait, sensory [perception], and muscle strength. Dr. Robert Burchett, a consulting examiner, did credit Plaintiff with radiating back pain, but his clinical findings were almost entirely normal. (R. 298). As the ALJ noted, a later consultative examiner also made mostly normal clinical findings with the exception of some decreased range of motion in the hips. (R. 334-36). My review of the medical record also reveals no RFC assessment by a treating or examining doctor that is inconsistent with that of the ALJ.[4]

As noted above, it is for the ALJ in these matters to evaluate the evidence and draw conclusions from the same. Here, to arrive at the conclusion Plaintiff seeks, I find that I would have to substitute my opinions for those of the ALJ. Absent some demonstration by the Plaintiff that this is necessary in light of the whole of the record, I am not obliged to do so. Ultimately, at step four of the evaluation process, it is the claimant's burden to prove that she is disabled. Here, Plaintiff has failed to do so.

---

[4]As for Plaintiff's claimed mental impairment(s), Dr. Wu, upon whom the ALJ relied, did opine that she was possibly mentally retarded and had mentally retarded verbal intelligence. However, Dr. Wu made no mental diagnosis and concluded that Plaintiff's problems were in her low back rather than psychological. Here, while Plaintiff decries the ALJ's conclusion, she simply fails to demonstrate that she suffers functionally limiting mental impairments that were not identified by the ALJ and which undermine his RFC conclusion.

13

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 2nd day of July 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record